JOURNAL ENTRY AND OPINION
Appellant, Florence McCullough, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, which granted permanent custody of her children to appellee, the Cuyahoga County Department of Children and Family Services (CCDCFS).
On November 25, 1997, CCDCFS removed three-day old Neazianakala McCullough from the custody of appellant. At the time of her removal, her six older siblings had previously been committed to the temporary custody of CCDCFS. On December 3, 1997, CCDCFS filed a complaint alleging Neazianakala to be a neglected and dependent child and requesting a permanent disposition of custody in favor of CCDCFS. The next day, CCDCFS and appellant agreed that appellant's grandmother, Mary Hicks, would take pre-dispositional temporary custody of Neazianakala. On April 1, 1998, Neazianakala was returned to the custody of CCDCFS after Hicks requested her removal.
On August 12, 1999, CCDCFS removed two-day old Nevin McCullough from the custody of appellant. CCDCFS filed complaints for neglect and permanent custody of Nevin and Neazianakala on August 13, 1999 and November 8, 1999; however, it was unable to perfect service upon all parties within the statutory period and these complaints were dismissed.
On February 4, 2000, CCDCFS filed a final complaint for neglect and permanent custody of Neazianakala and Nevin. The complaint included the following allegations:
* * *
 2. Nevin tested positive for cocaine at the time of his birth. Due to the mother's drug use during her pregnancy, the child suffered physical injury, i.e., cocaine in his system that harms or threatens to harm the child's health and welfare.
 3. Mother has a severe substance abuse problem which prevents her from providing proper care for her children.
* * *
The juvenile court held an adjudicatory hearing in the instant matter on June 15, 2000, at which the court determined that Neazianakala and Nevin were neglected. The adjudicatory hearing was immediately followed by a consolidated dispositional hearing to determine the placement of all of appellant's children. The juvenile court granted CCDCFS's motion for permanent custody of all eight of appellant's children on January 16, 2001. From that judgment, appellant assigns the following errors:
 I. THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO CONTINUE THE PERMANENT CUSTODY HEARING IN VIOLATION OF HER DUE PROCESS RIGHTS OF THE UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT COMMITTED PLAIN ERROR BY ALLOWING THE ADMISSION OF SEVERAL INSTANCES OF INADMISSIBLE HEARSAY.
 III. THE JUVENILE COURT ERRED WHEN IT ADMITTED INADMISSIBLE HEARSAY INTO EVIDENCE OVER COUNSEL'S OBJECTION.
 IV. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE 1, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
In her first assignment of error, appellant contends that the juvenile court erred when it denied her counsel's request for a continuance due to her absence from the hearing. Appellant asserts that the court should have continued the hearing because her fundamental right to maintain custody of her children was prejudiced by the court conducting the proceedings without her.
Juvenile Rule 23 governs the granting of continuances and provides that [c]ontinuances shall be granted only when imperative to secure fair treatment for the parties. Whether to grant or deny a continuance is entrusted to the wide discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078, syllabus. As this court recently stated, quoting from Unger,
 There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.
 Appellant urges us to adopt, in reviewing the trial court's exercise of discretion, a balancing test which takes cognizance of all the competing considerations. We whole-heartedly agree. Weighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.
 In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. [citations omitted]. In re: Eubanks (Aug. 9, 2001), Cuyahoga App. No. 79117, unreported, quoting Unger, supra.
After reviewing the record in this case and applying the factors set forth in Unger, we cannot conclude that the juvenile court abused its discretion by denying appellant's request for a continuance. Appellant called her attorney the morning of the hearing and told him that she was not ready to go forward. She did not explain why she was not prepared to proceed and did not ask for a delay of a certain amount of time. Appellant had notice of the June 15, 2000 hearing date since April 19, 2000; therefore, she had sufficient time to prepare for the hearing by obtaining witnesses to testify on her behalf. During the hearing, the court received a phone call from appellant stating that she was on her way; however, she did not arrive. Appellant has not even argued that her request for a continuance was for legitimate reasons. The trial court exercised sound discretion in denying appellant's request for a continuance, determining that it was merely an attempt to further delay the proceedings. Appellant's first assignment of error is overruled.
Appellant's second and third assignments of error will be addressed together. In her second assignment of error, appellant alleges that the trial court committed plain error by admitting hearsay into evidence. In her third assignment of error, appellant alleges that the trial court erred by permitting the admission of hearsay over counsel's objections. She contends that the testimony of CCDCFS social workers Paul Fowler and Tanya Cross regarding appellant's alleged drug abuse constituted inadmissible hearsay which prejudiced the outcome of the proceedings.
At the hearing, Fowler testified that appellant told him the reason Nevin tested positive for cocaine at his birth was because of her love of food. Appellant told Fowler that Nevin's positive drug screen was because she consumed poppy seed dressing and Chinese food while she was pregnant. Cross testified that appellant admitted to having used cocaine at a birthday party a few days prior to Nevin's birth. On cross-examination, Cross admitted that appellant did not make the admission to her, but to another social worker while appellant was being interviewed at the hospital after Nevin's birth. The admission of drug use was part of appellant's file.
Evidence Rule 801(D) defines statements that are not hearsay and provides in part:
A statement is not hearsay if:
* * *
 (2) Admission by party-opponent. The statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity * * *.
The testimony of Fowler and Cross regarding appellant's alleged drug use does not constitute hearsay because those statements are admissions by a party-opponent pursuant to Evidence Rule 801(D). Cross's testimony about the report made by another social worker is admissible as hearsay within hearsay because the report falls within the business records exception to the hearsay rule under Evidence Rule 803(6). The trial court did not err by permitting Fowler and Cross to testify about appellant's admissions regarding Nevin testing positive for cocaine at birth and her own drug use. Appellant's second and third assignments of error are overruled.
In her fourth assignment of error, appellant alleges that she was deprived of the effective assistance of counsel. Appellant contends that her counsel was ineffective because he was not prepared to proceed in her absence and because he failed to object to inadmissible and damaging hearsay elicited during the adjudication and dispositional hearings.
In order to establish a claim for ineffective assistance of counsel, appellant must demonstrate that her counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced her defense. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. Counsel's performance is not deemed deficient unless he made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Id. at 687. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
We cannot conclude that appellant was deprived of the effective assistance of counsel because appellant's counsel cannot be deemed deficient under the circumstances. Although appellant's counsel stated that he was not prepared to proceed in the absence of his client, this statement alone does not demonstrate that appellant failed to receive the effective assistance of counsel. We agree with the following analysis by the Second Appellate District which overruled an assignment of error pertaining to a mother's claim of ineffective assistance of counsel when she failed to appear at a permanent custody hearing:
 By her own conduct, Dixon hampered the ability of her counsel to prepare for trial and mount a defense, yet Dixon now wishes to cry foul because her counsel was not prepared. We simply cannot countenance a form of invited error whereby a party hinders the efforts of her attorney to provide effective representation, and then later complains about the quality of that representation. In re: Dixon (Apr. 24, 1998), Clark App. No. 97-CA-0027 97-CA-0028, unreported.
This court has previously determined that counsel's unpreparedness for a hearing under these circumstances does not necessarily mean that his performance was deficient. In re: Hart (Apr. 16, 1998), Cuyahoga App. No. 71783, unreported. A review of the record demonstrates that appellant's counsel adequately represented her at the hearings. Having determined that the testimony of Cross did not constitute inadmissible hearsay, we cannot conclude that the performance of appellant's counsel was deficient for failing to raise an objection to it. Appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.